IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TANCI ISSA, # A091-142-754, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 3:09-CV-2191-K |
| § | | |
| FAUSTO PIMENTEL, Field Office § | | |
| Director, Immigration and Customs § | | |
| Enforcement, et al., § | | |
| Respondents. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, filed by a detainee of the Bureau of Immigration and Customs Enforcement (ICE) subject to a final order of removal.

Parties: Petitioner is presently confined at the Rolling Plains Detention Center in Haskell, Texas. He is represented by retained counsel. Respondents are ICE Field Office Director and ICE District Director. The court issued process in this case.

Statement of the Case: Petitioner, a citizen of Venezuela, reentered the United States on an unspecified date following his voluntary departure pursuant to an October 16, 2001 order of removal. (*See* Respondents' Response at DeWeese's Declaration.) Immigration agents first

encountered Petitioner in December 2008 after his arrest for burglary of an occupied dwelling, two counts of grand theft, and criminal mischief. (*Id.*) After the reinstatement of the order of removal, ICE began efforts to effect Petitioner's removal. (*Id.*)

In the present action, filed on November 18, 2009, Petitioner argued that his detention pending removal exceeded the reasonable period of detention set out in *Zadvydas v. Davis*, 533 U.S. 678 (2001), and that he was unlawfully detained in violation of his due process rights.

In response to the order of show cause, Respondents filed a response which relies exclusively on the declaration of Dan DeWeese, an ICE deportation officer. Petitioner replied lodging evidentiary objections to DeWeese's declaration because it failed to include any of the documents referenced in the declaration. Thereafter, Respondents submitted a surreply, and Petitioner filed an *ex parte* motion for telephonic hearing to address his objections to DeWeese's declaration.

On April 2, 2010, at the court's request, Respondents submitted for *in camera* review the documents in support of DeWeese's declaration. By order filed April 8, 2010, the court denied Petitioner's *ex parte* motion for telephonic hearing, and directed the clerk to file the *in camera* documents under seal for review of the court. The filing of the *in camera* documents under seal renders moot Petitioner's evidentiary objection to DeWeese's declaration.

<u>Findings and Conclusions:</u> In *Zadvydas v. Davis,* 533 U.S. 678 (2001), the United States Supreme Court held that detention under 8 U.S.C. § 1231(a)(6) may not continue indefinitely, and that six months (from the date the order of removal becomes final) is a presumptively reasonable period of detention to secure an alien's removal from the United States. *Id.* at 700-701. "After this 6-month period, once the alien provides good reason to believe that there is no

significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.  The Supreme Court emphasized that the six-month presumption does not mean that every alien not removed must be released after six months.  *Id.*  "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Petitioner contends Respondents have failed to meet their burden of proof under *Zadvydas*.  Contrary to Petitioner's assertion, *Zadvydas* rests the initial burden of proof with the alien to provide "good reason to believe" that there is no likelihood of removal in the reasonably foreseeable future. *Zadvydas,* 533 U.S. at 701.  The Court of Appeals for the Fifth Circuit reached the same conclusion in *Andrade v. Gonzales,* 459 F.3d 538, 543-544 (5th Cir. 2006) (discussing burden of proof under *Zadvydas*).

In this case, Petitioner has not satisfied his burden of proof under *Zadvydas*.  Apart from his conclusory allegations, he has offered nothing to suggest that his removal is not foreseeable. *See Andrade*, 459 F.3d at 543-44 (holding conclusory statements are insufficient to meet an alien's burden of proof under *Zadvydas* or to demonstrate a constitutional violation in connection with his continued detention).  Petitioner does not challenge his prior, lengthy criminal record (as evidenced in the *in camera* documents), or the fact that he illegally re-entered the United States after having been removed.  (*See* DeWeese's Declaration at 1-2 attached to Respondents' Response.)  Nor does he allege any institutional barrier to the repatriation of aliens to Venezuela.  Moreover, a review, of the *in camera* documents, confirms the Argentinian Government's request for extradition, referenced in DeWeese's declaration.

The court notes that Petitioner's situation is in marked contrast to that of Kim Ho Ma and Kestutis Zadvydas, the aliens whose cases were considered in *Zadvydas*. Ma was from Cambodia, a country with which the United States has no repatriation agreement. As a result there was virtually no hope of repatriating Ma back to his native land. *Zadvydas*, 533 U.S. at 686. Likewise Zadvydas, having been born in a refugee camp, was literally a man without a country and, therefore, was an individual whom no other nation would ever accept, no matter the efforts of immigration authorities. *Id.* at 684.

Petitioner cannot establish that his detention will be of an indefinite duration. He has failed to produce any facts indicating that ICE is incapable of executing his removal to Venezuela in the near future, or that the Government of Argentina will not extradite him to Argentina. Accordingly, at the present time, the court finds no violation of Petitioner's constitutional rights with respect to his continued detention.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DENIED and DISMISSED. The dismissal should be without prejudice to Petitioner's right to re-file if his circumstances change, through no fault of his own, and there is no significant likelihood of removal after this proceeding concludes.

Signed this 16th day of April, 2010.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

## NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.